IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DICKERSON | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-4408 |
| DAVID DiGUGLIELMO ET AL. | : | |

| | | |
|---|---|---|
| ANTHONY DICKERSON | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-0112 |
| DAVID DiGUGLIELMO ET AL. | : | |

**SURRICK, J.**                                                                             **OCTOBER   21  , 2010**

**O R D E R**

**AND NOW**, this   21st   day of October, 2010, upon careful and independent consideration of the above captioned Petitions for Writ of Habeas Corpus, the Response thereto, and after Review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, and the Petitioner's Motion for Written Objections thereto, it is **ORDERED** as follows:[1]

---

[1] Petitioner Anthony Dickerson filed Petitions for writ of habeas corpus ("Petitions"), pursuant to 28 U.S.C. § 2254. Petitioner claims that his prison sentence has been miscalculated and that he is being improperly detained. However, his Petitions do not identify any attempt to raise this claim in the state courts. Petitioner either writes "N/A" or fails to respond to all questions seeking to determine whether he has previously filed any other petitions, applications, or motions in state court, other than his direct appeal.

      The habeas statute requires Petitioner to exhaust his claims in state court before seeking relief from the federal courts. 28 U.S.C. § 2254(b)(1)(A). Petitioner bears the burden of establishing that he has exhausted available state remedies. *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). In "rare cases exceptional circumstances of peculiar urgency may exist

1

1. The Report and Recommendation is **APPROVED** and **ADOPTED.**

2. The Motion for Written Objections is **DISMISSED**.

3. No. 09-4408 is **DISMISSED WITHOUT PREJUDICE** and without an evidentiary hearing.

4. No. 10-112 is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing.

5. There is no probable cause to issue a certificate of appealability.

**IT IS SO ORDERED.**

**BY THE COURT:**

**/s/ R. BARCLAY SURRICK, J.**

---

which permit a federal court to entertain an unexhausted claim." *Christy v. Horn*, 115 F.3d 201, 206-07 (3d Cir. 1997).

In Petitioner's Objections to Magistrate Judge Rapoport's Report and Recommendation, Petitioner asserts for the first time, that has in fact filed habeas petitions in state court, but that they were "denied without process or opinion." Petitioner provides us with no additional information in either his Petitions or his Objections. Without more, we are compelled to conclude that Petitioner has failed to meet his burden of proving that he pursued available state remedies.

Petitioner also contends that his case gives rise to exceptional circumstances such that he need not exhaust state court remedies. We disagree. This is not a situation in which state remedies are inadequate or where state court exhaustion would be futile. *Id.* at 207. Petitioner may challenge his continued detention in state court.

Finally, we will dismiss No. 10-122 as a second or successive petition. *See* 28 U.S.C. § 2244(b). The relief sought under No. 10-122 and No. 09-4408 is identical.

We express no opinion as to the merits of Petitioner's underlying claim. We deny Petition No. 09-4408 without prejudice. Petitioner may return to this Court after he exhausts all means of available relief under state law.